IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARITZ GLOBAL EVENTS, INC. D/B/A MARITZ TRAVEL, A MISSOURI CORPORATION<br><br>       Plaintiff,<br><br>vs.<br><br>JUDGE GROUP, INC. D/B/A AFL GLOBAL AND D/B/A CAFL<br><br>**Serve at:**<br>**CT Corporation System**<br>**600 N 2nd Street, Suite 401**<br>**Harrisburg, PA  17101-1071**<br><br>       Defendant. | Case No.<br>Division No:<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR BREACH OF CONTRACT, UNJUST ENRICHMENT, DAMAGES AND SUIT ON ACCOUNT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Maritz Global Events, Inc. d/b/a Maritz Travel ("Maritz"), a Missouri corporation, by and through undersigned counsel, and for its Complaint for Breach of Contract, Unjust Enrichment, and Suit on Account states as follows:

**PARTIES**

1.     Maritz is a corporation duly organized and existing under the laws of the State of Missouri, with its principal place of business located in Fenton, Missouri.

2.     Defendant Judge Group, Inc. conducts business as AFL Global, LLC and CAFL and enters into contracts as AFL Global, LLC, however AFL Global, LLC is not an organized LLC or valid corporate entity.  Defendant Judge Group, Inc. d/b/a AFL

Global, LLC and CAFL ("CAFL") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in Wayne, PA.  Defendant can be served through its Registered Agent CT Corporation System, 600 N 2nd Street, Suite 401, Harrisburg, PA  17101-1071.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy for Plaintiff's damages exceed $75,000.00.

4. This Court has personal jurisdiction over Defendant under Missouri's Long-Arm Statute, § 506.500, RSMo 2010, as this action arises out of Defendant's transaction of business in the State of Missouri, namely, this action arises out of a contract and representation by the Defendant related to an agreement for logistics, travel and related arrangements for Defendant performed in the St. Louis, Missouri area.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Plaintiff's claims took place in this judicial district.

6. Additionally, pursuant to Section 16 of the below-referenced Agreement between the Parties, the Parties consented and specifically agreed to the jurisdiction of the U.S. District Court for the Eastern District of Missouri

## GENERAL ALLEGATIONS

7. On or about May 24, 2016, Maritz and CAFL entered into a Master Services Agreement ("MSA") and Statement of Work ("SOW") (collectively "Agreements") to provide travel services, including but not limited to, event management

28357140v1

and planning, airfare, lodging, meals and any other services necessary ("Travel Services") for the China Arena Football League to travel to/from various locations in China.  *See* **Exhibit 1** – Master Services Agreement and **Exhibit 2** – Statement of Work, attached hereto.

8. The agreed price for Maritz to provide all Travel Services outlined in the SOW was $3,511,648.91.

9. According to the terms of the Agreements, CAFL was to pay Maritz an initial deposit of 25% of the total estimated project budget, followed by another deposit of 85% of the remaining estimated project total, 60 days (July 27, 2016), prior to the main event arrival date.  The remaining balance of the agreed upon amount was to be paid 30 days after the Final Invoice Date (Final Invoice prepared approximately 60 days after project completion).

10. Maritz completed all Travel Services for CAFL as outlined in the Agreements on or about November 7, 2016.

11. CAFL made the deposits to Maritz as agreed to in the SOW, but has failed and refused to make final payment of $731,787.81.

12. Under the terms of the Agreements, CAFL is obligated to pay Maritz for services performed according to the Agreements, within thirty (30) days of the invoice date.  Maritz invoiced CAFL on or about February 28, 2017, for the final balance due of $731,787.81, making the payment due on or about March 28, 2017.

13. CAFL has failed to comply with the provisions of the Agreements, by failing to pay Maritz the balance for work completed for the time period of September 19, 2016 – November 7, 2016, and has, therefore, breached its Agreements with Maritz.

14. Maritz has been damaged by this breach in that it paid monies out, in good faith, to third-party vendors for Travel Services, all of which was done within the scope of work contained in the Agreements.

15. Paragraph 14 of the MSA allows for the collection of "Maritz's fees and expenses (including reasonable attorneys' fees and expenses)."

## COUNT I – BREACH OF CONTRACT

16. Maritz restates the allegations contained in paragraphs 1-15 as if fully stated herein.

17. CAFL has breached the Agreements by its failure to remit final payment for services completed by Maritz pursuant to the Agreements.

18. Maritz has complied with all the terms of the Agreements, including performing all services and satisfying any conditions precedent to Defendant's duty to pay Maritz in full.

19. Although demand has been made on CAFL for final payment, as set forth in the Agreements, CAFL has failed and continues to fail and refuse to provide payment as required.

20. As a direct result of CAFL's breach of contract, Maritz has been damaged in the amount of $731,787.81.

21. The Agreements allow Maritz to collect attorneys' fees and costs in the instance of CAFL's breach of the Agreements.

WHEREFORE, Plaintiff Maritz Global Events, Inc. d/b/a Maritz Travel prays this Court enter judgment in its favor against Judge Group, Inc. d/b/a AFL Global, LLC and d/b/a CAFL in Count I of its Complaint, in the principal sum of $731,787.81, plus

additional accrued pre-judgment interest thereon, its costs and attorneys' fees, an award of post-judgment interest and for any other and further relief this Court deems just and proper.

## **COUNT II – UNJUST ENRICHMENT**

22. Maritz restates the allegations contained in Paragraphs 1-21 as if fully stated herein.

23. Maritz and CAFL entered into the Agreements requiring Maritz to effectuate and complete certain Travel Services, as more fully set forth therein, and for CAFL to make payment in the amount of $3,511,648.91 in exchange for Travel Services. *See* Exhibits 1 and 2.

24. Maritz fully performed under the Agreements.

25. CAFL has failed to abide by the provisions within the Agreements by its failure and refusal to pay, upon demand by Maritz, for Travel Services provided by Maritz for the benefit of CAFL.

26. CAFL accepted the benefit bestowed upon it by Maritz and CAFL has profited by the Travel Services contracted for by Maritz, but has failed to make final payment for the Travel Services.

27. CAFL has been unjustly enriched in an amount to be made certain at trial, but by no less than $731,787.81.

28. CAFL's refusal to abide by the Agreements is without reasonable cause or excuse.

29. Maritz is entitled to recover damages it has sustained at the hands of CAFL.

WHEREFORE, Plaintiff Maritz Global Events, Inc. d/b/a Maritz Travel prays this Court enter judgment in its favor and against Judge Group, Inc. d/b/a AFL Global and d/b/a CAFL on Count II of the Complaint in the amount of $731,787.81, attorneys' fees, court costs, plus additional accrued pre-judgment interest thereon, an award of post-judgment interest, and for all other relief as the Court deems just and proper.

## COUNT III – SUIT ON ACCOUNT

30. Maritz restates the allegations contained in Paragraphs 1-29 as if fully stated herein.

31. Pursuant to the account arrangement between Maritz and CAFL, Maritz furnished and provided services valued in excess of $3,511,648.91 on account.

32. Maritz performed in full, provided a true and accurate statement of account, and satisfied all conditions precedent to Defendants' duty to make full payment to Maritz in accordance with the account.

33. Despite Maritz's performance, CAFL has failed and refused to pay Maritz as required by the terms of the account.

34. By reason of the foregoing, Maritz has been damaged by CAFL's failure to pay the amounts due and owing for the work, labor, and materials supplied by Maritz in the unpaid sum of $731,787.81.

35. Defendant is further liable under Missouri statute for the payment of interest at the rate of eighteen percent (18.0%) per annum on any unpaid balance owed to Maritz, including Maritz's attorneys' fees, expenses, and costs.

WHEREFORE, Maritz Global Events, Inc. d/b/a Maritz Travel prays this Court enter a judgment in its favor against Defendant Judge Group, Inc. D/B/A AFL Global and

28357140v1

D/B/A CAFL, in the principal sum of $731,787.91, plus additional accrued pre-judgment interest at the rate of 18% per annum, for its attorneys' fees and costs incurred herein, for an award of post-judgment interest, and for such other and further relief as the Court deems just and proper.

## IV – DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Maritz Global Events, Inc. d/b/a Maritz Travel, a Missouri Corporation, demands trial by jury in this action.

Dated: January 16, 2018                                    LATHROP GAGE LLP


By:     /s/Barry L. Haith
         Barry L. Haith (MO 48972)
         Jonathan R. Waldron (MO 58898)
         2345 Grand Boulevard, Suite 2200
         Kansas City, Missouri  64108-2618
         Telephone:   816.292.2000
         Telecopier:   816.292.2001

         Attorneys for Plaintiff
         MARITZ GLOBAL EVENTS, INC.
         D/B/A MARITZ TRAVEL, a
         MISSOURI corporation